### LABAN LINCOLN versus SAMUEL BASSETT.

The holder of a promissory note commenced an action against a surety therein, after
the principal had assigned his property to the holder for the benefit of his creditors,
but before the amount to be divided among them was ascertained, and while the
action was pending, received a dividend under the assignment.  It has *held*, that
the action was not prematurely brought, nor barred by the receipt of the dividend ;
but that the amount of the dividend should be deducted in estimating the damages.

ASSUMPSIT upon two promissory notes, dated February 8th,
1837, made by Abner Bassett, as principal, and the defendant,
as surety.

At the trial, before *Morton* J., the defendant proved, that on
the 15th of May, 1837, before the commencement of this ac-
tion, Abner Bassett assigned all his property to Samuel W.
Bassett and the plaintiff, in trust for the benefit of all his cred-
itors ; that the assignees accepted the trust and sold the proper-
ty ; that the proceeds came into the hands of S. W. Bassett,
and were apportioned and paid to the several creditors who had
become parties to the assignment, except about $ 50, which
still remained in the hands of S. W. Bassett ; and that subse-
quently to the commencement of this action, the plaintiff re-
ceived his dividend as a creditor, and gave a receipt therefor
The defendant contended, that if he was liable at all upon the
notes, the right of action did not accrue to the plaintiff till he
had ascertained the amount receivable under the assignment
and that this action was consequently prematurely brought

But the judge ruled otherwise ; and thereupon a default was entered, the plaintiff agreeing to take judgment for the amount of his notes with interest, deducting the amount received by him under the assignment and the amount of his proportion of the sum remaining in the hands of S. W. Bassett.

If the ruling was wrong, the default was to be taken off, and a nonsuit entered.

The case was submitted without argument.

*Coffin* and *S. Williams*, for the defendant.

*A. Bassett*, for the plaintiff, cited *St.* 1836, *c.* 238, § 8.

SHAW C. J.   The Court are of opinion, that the direction of the judge was right.   The giving of an assignment or other collateral security, by the principal, is no bar to an action against the surety, unless there be some stipulation to that effect on the part of the creditor.   Years may elapse after such an assignment before any money will be realized from the assigned property ; in the mean time, the obligation of the surety is, to pay the money immediately.   Were the surety thus to pay, it might well be held in equity, that the creditor should stand as trustee for him for the assigned property.

The most favorable view to be taken for the defendant is, that the creditor being himself the assignee, when the assigned property is reduced to money, it operates by way of payment *pro tanto*.   But the whole amount of the notes being due presently in money, payment of a part is no bar, and operates as no suspension of the cause of action for the balance.   In ordinary cases of assumpsit, any payments may be given in evidence to reduce the damages, made after the action brought, up to the very day of the trial.   So in a case like the present, there was a good cause of action when the notes became due ; but on the inquiry of damages, any payments, resulting from the assignment or otherwise, made before the trial, would properly be deducted.   But for the residue, the plaintiff had a good cause of action, when his suit was commenced.

*Judgment on the default.*